IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK KAUFMAN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 17-CV-0393-JED-JFJ |
| | ) |
| JIMMY MARTIN, Warden[1] | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner, a state inmate appearing *pro se*, commenced this action on July 6, 2017, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1). Before the Court is Respondent's motion to dismiss the petition as an unauthorized second or successive habeas petition (Doc. 9). Having considered the motion, Respondent's supporting brief (Doc. 10) and Petitioner's response brief (Doc. 11), the Court finds that the petition is an unauthorized second habeas petition, grants Respondent's motion to dismiss, and dismisses the petition without prejudice for lack of jurisdiction.

*BACKGROUND*

Petitioner challenges the judgment and sentence entered against him in Tulsa County District Court, Case No. CF-2007-1669. In that case, a jury convicted petitioner of trafficking in illegal drugs after former conviction of a felony, and the trial court imposed a 40-year prison sentence. Doc. 10-1 at 1. Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals

---

[1] Petitioner is currently incarcerated at the North Fork Correctional Center (NFCC) in Sayre, Oklahoma. Doc. 12. Jimmy Martin, the NFCC's warden, is therefore substituted in place of Janet Dowling as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk shall note the substitution on the record.

(OCCA), asserting three propositions of error. *Id.* In an unpublished summary opinion filed January 14, 2009, the OCCA affirmed Petitioner's conviction and sentence. *Id.*

On January 13, 2010, Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this court, asserting the same three claims he raised in his direct appeal. *Kaufman v. Miller*, No. 10-CV-024-GKF-TLW, 2013 WL 308970 (N.D. Okla. Jan. 25, 2013) (unpublished). Specifically, Petitioner alleged that (1) the detention, search and seizure of Petitioner violated the Fourth and Fourteenth Amendments to the United States Constitution, (2) the trial court improperly instructed the jury regarding Petitioner's eligibility for parole, and (3) trial counsel provided ineffective assistance by (a) failing to object to the admission of a baggie containing cocaine, (b) improperly advising Petitioner on the range of punishment, and (c) mistakenly advising the trial court that it must instruct the jury on parole eligibility. *Id.* at *1-2. This court denied habeas relief on all three grounds and declined to issue a certificate of appealability. *Id.* at *2-7. Petitioner appealed. The Tenth Circuit Court of Appeals declined to issue a certificate of appealabilty and dismissed the appeal. *Kaufman v. Miller*, No. 13-5020, 2013 WL 4446977 (10th Cir. Aug. 21, 2013) (unpublished).

On June 26, 2014, Petitioner filed an application for post-conviction relief in state district court, asserting four claims: (1) actual innocence/insufficient evidence, (2) ineffective assistance of trial counsel, (3) prosecutorial misconduct, and (4) ineffective assistance of appellate counsel. Doc. 10-4. The state district court denied the application for post-conviction relief by unpublished order filed June 1, 2015, and Petitioner failed to perfect a timely appeal from that order. *See State v. Kaufman*, Tulsa County District Court, Case No. CF-2007-1669, available at http://www.oscn.net/dockets, last visited July 31, 2018. The OCCA granted Petitioner permission

to file a post-conviction appeal out of time, but ultimately dismissed the post-conviction appeal because Petitioner failed to comply with procedural rules for perfecting the appeal. *Id.*; *see also* Doc. 1 at 21-23 (OCCA Order in Case No. PC-2016-951, dated March 22, 2017).

Petitioner filed the instant federal habeas petition on July 6, 2017. Doc. 1 at 1. He asserts two grounds for relief. First, he alleges his trial counsel was ineffective for (1) failing to fully investigate his criminal background, (2) failing to object to the State's evidence and properly impeach the testimony of arresting officers, and (3) providing erroneous legal advice that led him to reject the State's offer of a lesser sentence. Doc. 1 at 5-9. Second, he alleges his appellate counsel was ineffective for failing to raise four claims on direct appeal: (1) actual innocence, (2) prosecutorial misconduct, (3) ineffective assistance of trial counsel, and (4) cumulative error. *Id.* at 9-14.

Respondent urges this Court to dismiss the habeas petition, arguing it is an unauthorized second or successive habeas petition. Docs. 9, 10.

## *DISCUSSION*

As Respondent contends, the instant petition is Petitioner's second 28 U.S.C. § 2254 petition for writ of habeas corpus. While Petitioner appears to assert new claims in the instant petition, he nevertheless challenges the same state-court judgment that he challenged in his first habeas petition. Thus, the instant petition is a "second or successive" petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (concluding second-in-time habeas petition was "second or successive" under 28 U.S.C. § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court").

"The filing of a second or successive § 2254 application is tightly constrained by the provisions of AEDPA." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013).[2] As relevant here, new claims

> presented in a second or successive habeas corpus application under section 2254 that [were] not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Respondent correctly points out that Petitioner bears the burden to make a prima facie showing that his second habeas petition satisfies § 2244(b)'s requirements. Doc. 10 at 2; *see* 28 U.S.C. § 2244(b)(3)(C). And both parties make arguments addressing whether Petitioner has met this burden. *See* Doc. 1 at 3-4; Doc. 10 at 3-6; Doc. 11 at 5-6, 9-10. But those arguments are not properly before this Court because Petitioner did not obtain authorization from the Tenth Circuit Court of Appeals before filing the instant habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by [§ 2244(b)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

---

[2] Sections 2244 and 2254 refer to an "application for writ of habeas corpus," but the case law discussing both sections often uses the terms "application" and "petition" interchangeably. The Court also uses the terms interchangeably herein.

the application."). In considering a motion for authorization to file a second or successive habeas petition, the Tenth Circuit Court of Appeals must decide, in the first instance, whether a petitioner has made a prima facie showing that the petition satisfies § 2244(b)'s requirements. *See Case*, 731 F.3d at 1026-27 (explaining that through enactment of § 2244(b) "Congress expressly established a two-step 'gate-keeping' mechanism for the consideration of second or successive habeas corpus applications in federal courts" and that "[t]he first gate requires the petitioner make a *prima facie* showing at the circuit level"). Only if the petitioner makes that showing will the Tenth Circuit Court of Appeals issue an order authorizing the district court to consider whether new claims asserted in a second or successive habeas petition actually satisfy § 2244(b)'s requirements. *Id.* at 1028.

Because Petitioner did not obtain the requisite authorization before filing the instant habeas petition, the Court shall grant Respondent's motion to dismiss the unauthorized second petition for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*) (explaining that district court faced with unauthorized second or successive petition may either dismiss the petition for lack of jurisdiction or transfer the matter to the circuit court for authorization under 28 U.S.C. § 1631).[3] In addition, because reasonable jurists would not debate the Court's conclusion

---

[3] The Court finds that the "interest of justice" does not support transfer in this case. *See Cline*, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate). Significantly, Petitioner presented his newly asserted federal habeas claims to the state district court in his June 2014 application for post-conviction relief. *See* Doc. 10-4 at 12-16, 20-21. Petitioner acknowledges, and the record supports, that he failed to fully exhaust these claims by failing to perfect a post-conviction appeal. *See* Doc. 1 at 3, 21-23; 28 U.S.C. § 2254(b)(1)(A) (providing federal habeas courts generally may not grant relief unless petitioner has exhausted available state remedies). Even assuming Petitioner has a viable claim that appellate counsel was constitutionally ineffective for failing to raise certain claims on direct appeal, the ineffective-assistance-of-appellate-counsel claim is itself unexhausted and could not excuse the procedural default of any other claims. *See Edwards*

that Petitioner's second-in-time habeas petition is an unauthorized "second or successive" petition over which this Court lacks jurisdiction, the Court also denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note on the record the substitution of Jimmy Martin, Warden, in place of Janet Dowling, Warden, as party respondent.

2. Respondent's motion to dismiss (Doc. 9) is **granted**.

3. The petition for writ of habeas corpus (Doc. 1) is **dismissed without prejudice** for lack of jurisdiction as an unauthorized second habeas petition.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

ORDERED this 9th day of August, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

*v. Carpenter*, 529 U.S. 446, 453 (2000) (holding "that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). Further, Petitioner's claims regarding the performance of trial counsel and appellate counsel appear time barred under 28 U.S.C. § 2244(d)(1) given that both claims rest on counsel's respective performances during the 2007 jury trial and the 2008 direct appeal. Finally, Petitioner's assertion of "actual innocence" is not credible as it appears to either (1) rest on evidence that was presented or available at the time of trial or (2) merely challenge the sufficiency of the evidence. Doc. 11 at 3-5; *see Schlup v. Delo*, 513 U.S. 298, 324 (1995) (noting that a "credible" claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial"). For these reasons, the Court concludes that dismissal without prejudice, rather than transfer, is appropriate.